IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **EDWARD ALLEN ALLEY,** | ) | CASE NO. 7:15CV00094 |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **GERALD MCPEAK, *ET AL.*,** | ) | By: Norman K. Moon |
| | ) | United States District Judge |
| **Defendant(s).** | ) | |

Edward Allen Alley, a Virginia inmate proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983 against two officials at the New River Valley Regional Jail ("the jail"), alleging that the delay in transferring him from the jail to a Virginia Department of Corrections ("VDOC") prison facility violates his constitutional rights. "The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity[,]" and "[o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted. . . ." 28 U.S.C. § 1915A(a)-(b)(1). Upon review of Alley's complaint, I conclude that he has no legal basis for a § 1983 claim against the defendants and, therefore, I will dismiss this case without prejudice.

I.

Alley asserts three claims under § 1983 about living conditions at the jail: (1) jail officers have not moved Alley to a VDOC facility as quickly as other inmates have been transferred, and Alley cannot get a job, classes, or sunlight at the jail; (2) after an inmate handled Alley's already opened, personal mail and read it aloud to others, inmates began threatening Alley; and (3) jail officials have refused Alley's request to be transferred to Montgomery County, where he was

sentenced, so he can avoid conflicts he has with several jail inmates.  As background and support for these claims, Alley alleges that a year ago, in exchange for providing officials with information about another inmate's possession of drugs, he was moved to a trustee pod.  Once there, however, Alley learned that inmates had been told that he was a snitch.  After he was involved in two fights without injuries, he wrote a request to be moved and to have his cell mate placed on his enemy list.  Officials moved Alley, but within less than an hour, an inmate in Alley's former pod threatened him through a door and tried to get inmates in Alley's new pod to jump him.  At mail call that day, the same inmate took Alley's personal mail and handed it through a door for an inmate in the new pod to read aloud to others.  As relief in this action, Alley seeks to be transported to a VDOC facility.

II.

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights.  *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).  Alley fails to state a factual basis for any § 1983 claim against the individual jail officials he has sued.

First, Alley has no constitutional right to the only relief he seeks—to be transferred to a different detention facility.  An inmate has no constitutional right to be assigned to any one prison facility over another, even when the conditions in one facility are more favorable than in other facilities.  *Meachum v. Fano*, 427 U.S. 215, 223-224 (1976); *Moody v. Daggett*, 429 U.S. 78, 88 (1976).  Moreover, a state official's failure to abide by state procedural laws or rules regarding prison matters is not a federal due process issue and is, therefore, not actionable under §1983.  *Riccio v. County of Fairfax, Va.*, 907 F.2d 1459, 1469 (4th Cir. 1990).  Therefore, even if

Alley has some protected right under state law to participate sooner in VDOC facility programs, a state official's violation of state law is not actionable under § 1983.[1]

Second, Alley's allegations do not give rise to any § 1983 claim against the two officials he has named as defendants. Alley does not allege facts about either of these officials taking any specific action in violation of his constitutional rights. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (finding that "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights"). For example, Alley does not allege that he informed either of the defendants of his security concerns at the jail or asked them for protection. Both officials appear to serve in a supervisory capacity, but supervisors cannot be held vicariously liable under § 1983 for actions or omissions by their subordinates. *Id.* Therefore, I find no factual basis for any § 1983 claim against the defendants Alley has identified, and will dismiss all claims against them under § 1915A(b)(1) as frivolous.[2]

---

[1] Section 1983 was intended to protect only federal rights guaranteed by federal law and not to vindicate tort claims for which there are adequate remedies under state law. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985). Any state law claims Alley may wish to bring here are thus not independently actionable under § 1983, and I decline to exercise supplemental jurisdiction over them in this action. *See* 28 U.S.C. § 1367(c).

[2] I also do not find that Alley's complaints about security problems he has had at the jail give rise to any constitutional claim against any other officer. By his own admission, when Alley specifically informed jail officials that he feared for his safety because of conflicts with his cell mate, they moved him away from that inmate. If he is now afraid that other inmates will harm him, he must inform officials of the new problems so they can take steps to protect him. *See Danser v. Stansberry*, 772 F.3d 340, 347 (4th Cir. 2014) (to state a claim that prison officials failed to protect him, a plaintiff must establish that each defendant acted with "deliberate indifference" which requires plaintiff to "introduce evidence suggesting that the prison official had actual knowledge of an excessive risk to the plaintiff's safety") (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). In his current submissions, Alley makes no such showing.

III.

For the reasons stated, I conclude that Alley's submissions do not provide a basis for any claim of constitutional significance actionable under § 1983. Therefore, I will dismiss the complaint without prejudice, pursuant to § 1915A(b)(1), as frivolous.

ENTER: This __14th__ day of May, 2015.

*/s/ Norman K. Moon*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE